**UNITED STATES COURT OF  APPEALS**

**FOR THE FIFTH CIRCUIT**

NO. 97-40492
Summary Calendar

JAVIER REYNOSA,

Plaintiff-Appellant

VERSUS

E. WOOD; PHILIPPA A. LANG; M. DODSON;
ADMINISTRATIVE SEGREGATION COMMITTEE; W. BOOTH,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(C-96-CV-460)

December 18, 1997

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

As this Court finds no error in the dismissal of Appellant's civil rights complaint, and in lieu of a separate opinion, this Court adopts *en toto* the order of dismissal in this case of the United States District Court for the Southern District of Texas, Corpus Christi Division, C.A. No. 96-460, United States Magistrate

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Judge B. Janice Ellington, sitting by consent, to wit:

## ORDER OF DISMISSAL

The plaintiff brings suit under 42 U.S.C. § 1983 alleging various constitutional violations.  The Court held a *Spears* hearing in this case on February 3, 1997.  *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  At the hearing, all witnesses were sworn, all records used by the witnesses were authenticated and had adequate indicia of reliability, the inmate had an opportunity to examine the records, and the inmate had the opportunity to cross examine witnesses. *Wilson v. Barrientos*, 926 F.2d 480, 483 (5th Cir. 1991).

**A.    Due process**

Plaintiff contends that, on April 13, 1996, Defendant Woods charged Plaintiff with "possession of a weapon intended to be used to injure another person".  Plaintiff alleges that he only had a rolled up newspaper, not a weapon.  Plaintiff asserts that Defendant Lang failed to present pictures to support the claim.  Finally, Plaintiff contends that the administrative segregation committee, Captain Dodson and Assistant Warden Boothe refused him the right to be heard and relied on an incomplete offense report.

Plaintiff asserts that the "false allegations by the Defendants has caused the Plaintiff loss of line class, 90 days on level 3, parole date drastically changed, and paper gown restrictions for 72 hours".  Plaintiff also contends that he lost 30 days of good-time credit.

2

Due process protections do not attach to ordinary prison disciplinary cases. *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)(no due process protections for disciplinary hearings which do not lengthen the inmate's sentence or exceed its expected parameters). Where Plaintiff lost privileges (other than good time credits), his due process claim is dismissed with prejudice as frivolous.

Regarding Plaintiff's assertion that the reduction in line class will affect his parole date, "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status. Yet, such speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1690 (1996); *See Meacham v. Fano*, 427 U.S. 215, 229 n. 8, 96 S. Ct. 2532, 2540 n. 8, 49 L. Ed. 2d 451 (1976)(noting that possible effect on parole decision does not create liberty interest in confinement in particular prison).

As to any claim for restoration of good-time credits, resolution of the factual and legal assertions of that claim would automatically entitle Plaintiff to accelerated release and, consequently, that claim must be pursued through a petition for writ of habeas corpus. *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166 (5th Cir. 1994); *Keenan v.*

3

*Bennett*, 613 F.2d 127 (5th Cir. 1980)(loss of "good time" credit treated as claim under § 2254).  The Court cannot consider any claim for restoration of good time credits in this action because Plaintiff has not exhausted his state habeas remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198; 28 U.S.C. § 2254(b).  So that Plaintiff is not prevented from proceeding with his claim for loss of good-time credits pursuant to a state writ of habeas corpus, the claim is dismissed without prejudice.

**B.   Conspiracy**

Plaintiff asserts "that Officer Wood and Sgt. Lang conspired to fabricate false disciplinary charges against him".

To allege a claim of conspiracy to deprive a plaintiff of his constitutional rights, 42 U.S.C. § 1985(3), a plaintiff must allege, (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or deprivation of any right or privilige of a citizen of the United States. *Hilliard v. Ferguson*, 30 F.3d 649 (5th Cir. 1994).  Moreover, where all of the defendants are members of the same collective entity, the conspiracy does not involve two or more people. *Hilliard*, 30 F.3d at 653; *see also Moody v. Jefferson Parish Sch. Bd.*, 803 F. Supp. 1158, 1166 (E.D. La. 1992)(School Board, Principal, Vice-Principal, and various teachers are all

4

employed by the Jefferson Parish School Board and, thus, are a single entity), aff'd, 2 F.3d 604 (5th Cir. 1993); *Hankins v. Dallas Indep. Sch. Dist.*, 698 F. Supp. 1323, 1330 (N.D. Tex. 1988)(high school and its officials constitute a single entity); *Chambliss v. Foote*, 421 F. Supp. 12, 15 (E.D. La. 1976)("the university and its officials are considered as constituting a single legal entity which cannot conspire with itself"), *aff'd*, 562 F.2d 1015 (5th Cir. 1977), *cert. denied*, 439 U.S. 839, 99 S. Ct. 127, 58 L. Ed. 2d 137 (1978).

Here Plaintiff produces no facts, other than his personal belief, that there is a conspiracy. His claim is too vague to go forward. Furthermore, all of the defendants are members of the same collective entity, the Texas Department of Criminal Justice. Plaintiff's claim is dismissed as frivolous.

## C.    Intentional infliction of emotional distress

Plaintiff opines that the various unconstitutional acts of the Defendants have caused him to suffer emotional distress. At the *Spears* hearing, Plaintiff admitted that he did not see a psychologist or lose any sleep because of the emotional distress.

A federal district court has supplemental jurisdiction over state law claims which are so related to the  claim in the action within the Court's original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367. However, the doctrine of supplemental jurisdiction is one of discretion. *United Mine*

*Workers v. Gibbs*, 383 U.S. 715, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). In exercising this discretion, the district court should consider judicial economy, convenience, fairness and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988). "In the unusual case in which all federal law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state law claims." *Id*. at 350 n. 7, 108 S. Ct. at 619 n. 7. Accordingly, as the Court declines to exercise jurisdiction over Plaintiff's intentional infliction of emotional distress claim, such claim is dismissed without prejudice.

AFFIRMED.